IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MITCHELL TRIVITT, | : |
| | : |
| Petitioner, | : CIVIL NO. 3:CV-07-0883 |
| | : |
| vs. | : (JUDGE VANASKIE) |
| | : |
| EDWARD KLEM, et al., | : |
| | : |
| Respondents. | : |

M E M O R A N D U M

I.      Introduction

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254

filed by Mitchell Trivitt, an inmate confined at the State Correctional Institution at Mahanoy

("SCI-Mahanoy"), Pennsylvania.  Named as Respondents are Edward Klem, Superintendent at

SCI-Mahanoy, the Commonwealth of Pennsylvania, the Pennsylvania Board of Probation and

Parole ("Parole Board"), and the Attorney General of Pennsylvania.[1]  The sole claim raised by

Trivitt in the petition is that the Parole Board improperly denied him parole on January 5, 2006,

by applying retroactively the 1996 amendment to the Pennsylvania parole statute and

guidelines in violation of the Ex Post Facto Clause of the United States Constitution.

---

[1] As Respondents correctly point out, the only proper Respondent in this action is
Edward Klem, Petitioner's current custodian.  See Rumsfeld v. Padilla, 542 U.S. 426, 435
(2004).

Pursuant to the Court's Show Cause Order issued on September 28, 2007, Respondent filed a response to the petition with a supporting memorandum on October 19, 2007.  Trivitt has not filed a traverse.  The petition is ripe for consideration, and, for the reasons that follow, will be denied.

II.    Background

Trivitt is serving a 5½ to 11 year sentence imposed by the Court of Common Pleas of Adams County as a result of his December 12, 1995 conviction on charges of rape, statutory rape, and involuntary deviate sexual intercourse.  The effective date of his sentence is May 21, 1998, the date he began to serve this sentence.  He has been denied parole on three occasions.

The Parole Board first denied parole on August 29, 2003.  Trivitt did not file a petition for writ of mandamus with the Pennsylvania Commonwealth Court challenging the denial.

He was next denied parole on September 21, 2004.  While Trivitt did pursue an administrative appeal with the Parole Board and unsuccessfully sought mandamus relief in the Commonwealth Court, he did not file an appeal to the Pennsylvania Supreme Court.[2]

Trivitt was denied parole for the third time on January 5, 2006.  In its decision, the

---

[2]  As such, a previous petition for writ of habeas corpus relief filed in this Court was dismissed on exhaustion grounds on December 21, 2006.  See Trivitt v. Klem, et al, Civ. No. 05-691 (M.D. Pa. Dec. 21, 2006)(Vanaskie, J.)

2

Parole Board noted that it had considered "all matters required pursuant to the Parole Act." (Dkt. Entry 1, Pet., Ex. A, Notice of Board Decision, dated 1/5/06.)  It determined that Trivitt's "best interests do not justify or require [him] being paroled/reparoled; and, the interests of the Commonwealth will be injured if [he was] paroled/reparoled." (Id.)  The Parole Board then listed the following individual reasons supporting its decision: Trivitt's "minimization/denial of the nature and circumstances of the offense(s) committed; [his] refusal to accept responsibility for the offense(s) committed; the negative recommendation made by the Department of Corrections; [his] unacceptable compliance with the prescribed institutional programs; and [his] need to participate in and complete additional institutional programs."  Although directing that Trivitt serve his unexpired maximum sentence, the Parole Board indicated that it will review him earlier "if recommended by the Department of Corrections/county prison staff due to appropriate adjustment and program completion." (Id.)  The Board further noted that, if interviewed again, the following factors would be considered: "whether [he had] participated in/successfully completed a treatment program for sex offenders; whether [he had] received a favorable recommendation for parole from the Department of Corrections; [and] whether [he had] maintained a clear conduct record and completed the Department of Corrections' prescriptive program(s)." (Id. at 2.)

Trivitt sought mandamus relief in the Commonwealth Court with regard to the third parole denial, which was denied on May 30, 2006.  He unsuccessfully presented his claim to

the Pennsylvania Supreme Court, which dismissed his appeal on October 5, 2006.  He

thereafter filed this petition.[3]

III.     Discussion

Trivitt challenges the denial of parole on the ground that the Parole Board violated the

Ex Post Facto Clause of the United States Constitution by applying the 1996 amendment to 61

Pa. Stat. § 331.1, the statute governing parole.  "The Ex Post Facto clause of the United States

Constitution applies to a statutory or policy change that 'alters the definition of criminal conduct

or increases the penalty by which a crime in punishable.'" Mickens-Thomas v. Vaughn, 321

F.3d 374, 383 (3d Cir. 2003)("Mickens-Thomas I"), quoting, California Dept. of Corrections v.

Morales, 514 U.S. 499, 506 n. 3 (1995).  Ex post facto restrictions apply to parole matters.  See

Garner v. Jones, 529 U.S. 244, 250-255 (2000).

In 1996, the Pennsylvania legislature amended the section of its parole law that sets

forth the public policy statement of the Commonwealth concerning parole.  Specifically ,the

1996 legislature decreed that "the board shall first and foremost seek to protect the safety of

the public." 61 P.S. § 331.1 (Purdon's 1999).  Before then, section 331.1 made no mention of

public safety, and in fact declared the public policy of the Commonwealth to be that parole

---

[3]  Respondent does not challenge the instant petition on the basis of exhaustion, as it is
clear that Trivitt exhausted his ex post facto claim in accordance with the principles set forth in
DeFoy v. McCullough, 393 F.3d 439 (3d Cir. 2005).

would be a period of rehabilitation of an inmate for his restoration to society.

Trivitt contends that the Parole Board has given no weight to the factors utilized in parole decisions prior to 1996.  (Dkt. Entry 1, Pet. at 7.)  He claims that pursuant to the version of the parole statute in effect at the time he was convicted the focus was on rehabilitation.   He specifically points out that he has completed the DOC's Stress and Anger Management program, Alcohol and Drug Education programs, and a Sex Offender Orientation program.  (Id. at 2.)  He argues that "because the rules have changed" and "the focus is on the nature of the offense and protecting the public," he is disadvantaged and ineligible for parole.  (Id. at 4.)  He also contends that the Parole Board has admitted to the ex post facto violation by referring in the first two parole denial decisions to "having considered all matters required pursuant to the Parole Act of 1941, as amended, 61 P.S. § 331.1 et seq."

An inmate must show more than application of the 1996 amended statute in advancing an ex post facto claim.  In Winkelspecht v. Pennsylvania Bd. of Probation and Parole, 571 Pa. 685, 813 A.2d 688 (2002), Pennsylvania's Supreme Court made clear that, except for prisoners whose parole decisions were made after the adoption of the 1996 amendment and before the Winkelspecht decision, parole decisions are to be made with the understanding that the 1996 amendment did not change the analysis used in the parole proceedings. As a result, a disappointed parole applicant must show more than mere reference to the amended law; the inmate must show actual disadvantage by retroactive application of the changed law.

Richardson v. Pennsylvania Board of Prob. and Parole, 423 F.3d 282, 288 (3d Cir. 2005).  "To violate the Ex Post Facto Clause, a retroactive change in the law or policy must create a 'sufficient risk of increasing the measure of punishment attached to the covered crimes'; 'a speculative and attenuated possibility of . . . increasing the measure of punishment' is not enough."  Id. at 288.  The Third Circuit has "expressly rejected the contention that the retroactive application of the 1996 amendments is a per se violation of the Ex Post Facto Clause entitling the petitioner to automatic relief."  Taylor v. Pennsylvania Bd. of Probation and Parole, 181 Fed. Appx. 253, 254 (3d Cir. 2006).

In Taylor, the Third Circuit held that an ex post facto violation was not shown merely by the fact that the Parole Board had referred to the amended statute, explaining:

> The mere intuition that stricter standards are more likely to lead to an adverse result is insufficient.  Rather, Taylor must provide such evidence as indications that he would have been a good candidate for parole under the old law, comparisons of parole rates for prisoners with similar convictions before and after the 1996 amendments, and the extent to which the reasons given for denying him parole would not have been considered before 1996.

Id. at 254-55.

In Shaffer v. Meyers, 163 Fed. Appx. 111 (3d Cir. 2006), the rejection of an ex post facto claim was affirmed with the following explanation:

> [W]e emphasize that there are two prongs to a successful claim: Shaffer must show not only that there has been a change in law or policy which has been given retrospective effect but also that its retrospective application to him created a real risk of increasing the measure of his punishment.  Richardson v.

6

Pennsylvania Board of Prob. and Parole, 423 F.3d 282, 288 (3d Cir. 2005).

In setting forth his claim, Shaffer reads Mickens-Thomas too broadly, at times appearing to interpret that decision as holding that any retroactive application of the amended parole statute violates the Ex Post Facto Clause.  However, Mickens-Thomas prevailed because he clearly satisfied both prongs.  In his case, the Board had relied solely on public safety in denying parole and disregarded the parole guidelines, the unanimous recommendations of the Department of Corrections, and evidence of his rehabilitation.  Moreover, Mickens-Thomas had presented convincing evidence that he had a significant likelihood of parole under the pre-1996 guidelines and had shown that all prisoners in his situation (prisoners whose life sentences had been commuted before 1996) had been subsequently paroled.  As we noted in Richardson, 423 F.3d at 293, "Mickens-Thomas may be an exceptional case because of the compelling nature of the evidence of prejudice."

Although we do not require a petitioner to provide evidence which is compelling to the same degree, "our precedents require that a petitioner proffer at least some evidence of disadvantage to warrant habeas relief." Id.  Shaffer has not done so.  Indeed, it is not even clear that he has met the first prong of the analysis, i.e., shown that the Board used new standards, retroactively applied, in denying him parole.  Prima facie it does not seem likely that the criteria cited by the Board in Shaffer's case – participation in a treatment program for sex offenders, the recommendation of the Department of Corrections, Shaffer's conduct record and whether he completed any prescribed programs – would not have been considered by the Board pre-amendment, and Shaffer cites no evidence to persuade us otherwise.  But even if we assume that the Board would have used different criteria pre-amendment, Shaffer has not provided adequate reasons to support the contention that application of those criteria would likely have resulted in his release on parole.

Id. at 113-14.

In Trivitt's case, the Parole Board stated that it was denying parole based upon his

minimization/denial of the nature and circumstances of the offense conduct, his refusal to

7

accept responsibility for his actions, the negative recommendation of the DOC, his unacceptable compliance with prescribed institutional programs, and his need to participate in and complete additional institutional programs.  (Dkt. Entry 1, Pet., Ex. A, Board Decision of Jan. 5, 2006.)  As in Shaffer, the factors cited by the Parole Board would appear to have been applicable at the time of Trivitt's criminal conduct, thus undermining any ex post facto claim. Participation in treatment programs, the DOC's recommendation, an admission to the offense committed, and an expression of remorse are all factors rationally related to any parole decision, whether made before or after 1996.

Further, Trivitt presents no evidence supporting an inference that he has been disadvantaged in some way by consideration of the 1996 amendments to Pennsylvania's parole law.  He merely points to a report which indicates that in 1991 "about 80% of inmates were granted parole at the initial review, however, by the first quarter of 1996, the release date on prisoners minimum date dropped from 80% to 29%."  (Dkt. Entry 1, Pet. at 4, ¶ 22.) With no support, he then arrives at the conclusion that he is now ineligible for parole simply because "the rules have changed." (Id., ¶ 23)  He thereafter contends that the use of the new guidelines makes him ineligible for parole whereas the use of the old guidelines "in all likelihood" would have made him presumptively eligible for parole.  (Id., ¶ 25.)  He fails to offer any evidence that he was a good candidate for parole under the criteria in effect before 1996, and makes no statistical showing that inmates convicted of rape, statutory rape, and involuntary deviate

8

sexual intercourse were more likely to be paroled before the 1996 change to the legislation.[4] Because no suggestion of "individual disadvantage" has been presented in this case, he is not entitled to relief on his ex post facto claim.  See Young v. Klem, et al., Civil Action No. 07-838, 2008 WL 583869, at *5 (M.D. Pa. March 3, 2008); Burkholder v. Wolfe, et al., Civil Action No. 03-0007, 2007 WL 90427, at *9-10 (M.D. Pa. Jan. 9, 2007).

IV.    Conclusion

        For the reasons set forth above, Trivitt is not entitled to habeas corpus relief.  Moreover, it is evident that his claim does not merit a certificate of appealability.  An appropriate Order follows.

                                        s/ Thomas I. Vanaskie
                                        Thomas I. Vanaskie
                                        United States District Judge

---

        [4] Trivitt asserts that the Parole Board relied on 42 Pa. C.S. § 9718.1(a), in denying him parole.  He, however, has not provided any evidence that the Parole Board relied upon this statute in denying him parole.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MITCHELL TRIVITT,                           :
                                            :
              Petitioner,                   :    CIVIL NO. 3:CV-07-0883
                                            :
        vs.                                 :    (JUDGE VANASKIE)
                                            :
EDWARD KLEM, et al.,                        :
                                            :
              Respondents.                  :

O R D E R

_____NOW, THIS 16th DAY OF OCTOBER, 2008, in accordance with the foregoing

Memorandum, IT IS HEREBY ORDERED THAT:

    1.      The petition for writ of habeas corpus is DENIED.

    2.      The Clerk of Court is directed to CLOSE this case.

    3.      There is no basis for the issuance of a certificate of appealability.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge